UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL BELTRAN and
CHRISTOPHER LUGO, on their own
behalf and on behalf of those similarly
situated,

    Plaintiffs,

vs.

SEABREEZE ELECTRIC, INC., a
Florida Profit Corporation

    Defendant.
_____/

CASE NO.:

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiffs, SAMUEL BELTRAN ("BELTRAN") and CHRISTOPHER LUGO ("LUGO"), on their own behalf and on behalf of those similarly situated (collectively referred to as "Plaintiffs"), were employees of Defendant, SEABREEZE ELECTRIC, INC., ("SEABREEZE" or "Defendant"), and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### INTRODUCTION

1. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular rate of pay whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case, an electrical and HVAC contractor company, violated the FLSA by failing to pay Plaintiffs and other similarly-situated electricians time and one-half compensation for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every electrician earning an hourly, plus piece rate in exchange for services performed for Defendant at any time within the past three (3) years.

**PARTIES**

8. Plaintiffs, and those similarly situated individuals ("class members"), were hourly, plus piece rate paid electricians who performed services for Defendant.

9. Defendant, SEABREEZE, is a Florida Profit Corporation.

10. Defendant is in the business of providing residential electrical and HVAC services to its customers. *See* Defendant's website, *available at* http://www.seabreezeelectric.com.

## JURISDICTION

11. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

12. Defendant conducts business in, among others, Hillsborough County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

13. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

15. Based on information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

16. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. machinery, equipment, tools, computers, and/or office supplies).

17. Therefore Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§203(r) and 203(s).

## FACTUAL ALLEGATIONS

18. Defendant is a company classified as an electrical and HVAC contractor.

19. Defendant employs numerous electricians who perform various electrical duties to include service, installation and general laborer (hereinafter referred to as "electricians").

20. BELTRAN performed electrician services for Defendant from approximately August 2015 through September 2018.

21. LUGO performed electrician services for Defendant from approximately March 2016 to November 2016.

22. Defendant paid Plaintiffs and those similarly situated to them an hourly rate for service duties and/or a piece rate per square foot for other duties such as installation duties performed on behalf of Defendant.

23. Plaintiffs and those similarly situated to them routinely worked in excess of forty (40) hours per week as part of their regular job duties.

24. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiffs, and those similarly situated to them, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

25. Defendant has a common pay policy and/or pay practice which fails to pay its electricians at a rate of time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per week.

26. As a result, Plaintiffs, and those similarly situated, have not been compensated for all hours worked in excess of forty (40) hours during one or more workweeks.

27. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiffs and those similarly situated to them.

28. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

29. Defendant has acted willfully in failing to pay Plaintiffs and those similarly situated to them in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs and the class members performed the same or similar job duties as one another in that they performed electrician duties on behalf of Defendant.

31. Plaintiffs and the class members were all hired by Defendant to perform electrician duties.

32. Plaintiffs and the class members were all paid an hourly rate and/or a piece rate for the work performed.

33. Plaintiffs and the class members worked similar hours, including more than forty (40) hours per week during one or more workweeks.

34. Plaintiffs and the class members were subjected to the same pay provisions, inasmuch as they were not compensated for all of the time spent performing compensable duties, which resulted in unpaid overtime hours worked during one or more workweeks.

35. Plaintiffs and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek during one or more workweeks. Thus, the class members are owed overtime wages for the same reasons as Plaintiffs.

36. Defendant's failure to compensate Plaintiffs and the class members for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failing to pay them proper overtime compensation based on their uniform pay policy, applicable to all putative class members herein.

37. These policies or practices were applicable to Plaintiffs and the class members.

38. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

> **All Electricians who worked for Defendant within the last three (3) years and who were not compensated at time-and-one-half of their hourly rate for all hours worked in excess of forty (40) hours in one or more workweeks.**

39. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiffs and the class members.

40. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

41. Defendant did not have any good faith basis for its failure to pay Plaintiffs, and those similarly situated to them, their proper overtime compensation.

42. Defendant has acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

43. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-42 above.

44. Plaintiffs, and those similarly situated to them, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek.

45. During their employment with Defendant, Plaintiffs, and those similarly situated to them, regularly worked overtime hours but were not paid time and one-half compensation for each of those hours.

46. Defendant was aware of the overtime hours worked by Plaintiffs and its Electricians.

47. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs and those similarly situated to them time and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs, and those similarly situated to them, have suffered damages, plus incurring reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FLSA, Plaintiffs, and those similarly situated to them, are entitled to liquidated damages.

WHEREFORE, Plaintiffs, and those similarly situated employees, demand judgment against Defendant for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: 01/18/19.

Respectfully submitted by,

_____
Kimberly De Arcangelis, Esquire
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiffs