UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL BELTRAN and CHRISTOPHER
LUGO, on their own behalf and
on behalf of those similarly
situated,

    Plaintiffs,

v.                         Case No.: 8:19-cv-142-T-33CPT

SEABREEZE ELECTRIC, INC.,
and THOMAS LONG,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Thomas Long's Motion to Dismiss the Amended Complaint, or in the Alternative, Motion for More Definite Statement (Doc. # 55), filed on July 23, 2019. Plaintiffs Samuel Beltran and Christopher Lugo responded on August 15, 2019. (Doc. # 64). For the reasons that follow, the Motion is denied.

**I.    Background**

Plaintiffs initiated this collective action under the Fair Labor Standards Act (FLSA) against their former employer, Defendant Seabreeze Electric, Inc., on January 18, 2019. (Doc. # 1). Subsequently, on June 10, 2019, they filed

1

their Amended Complaint, adding Long as another Defendant. (Doc. # 38).

According to the Amended Complaint, Long is an employer under the FLSA because he "owned and/or operated Seabreeze." (Id. at 3). The Amended Complaint alleges Long "regularly exercised the authority to: (a) hire and fire employees of Seabreeze; (b) determine the work and pay schedules for the employees of Seabreeze; (c) control the finances and operations of Seabreeze; and (d) was responsible for the overall business operations of Seabreeze." (Id.). Plaintiffs allege that Long and Seabreeze failed to pay them, and other electricians employed by Long and Seabreeze, overtime wages. (Id. at 5).

Now, Long seeks dismissal of the Amended Complaint or, alternatively, a more definite statement of the claims against him. (Doc. # 55). Plaintiffs have responded (Doc. # 64), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the

plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

Additionally, Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." Ramirez v. FBI, No. 8:10-cv-1819-T-

3

23TBM, 2010 U.S. Dist. LEXIS 132271, at *4 (M.D. Fla. Dec. 14, 2010) (citation omitted). "In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a short and plain statement of the claim will suffice." Betancourt v. Marine Cargo Mgmt., 930 F. Supp. 606, 608 (S.D. Fla. 1996). Such a motion is "intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996).

### III. **Analysis**

"In an FLSA case, a plaintiff may seek to sue an individual employer or multiple employers." Arean v. Cent. Fla. Investments, Inc., No. 8:10-CV-2244-T-33MAP, 2011 WL 6026703, at *2 (M.D. Fla. Dec. 5, 2011)(citing Kendrick v. Eagle Int'l Group, LLC, No. 08-80909-CIV, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009)). "The FLSA contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA." Id. (citation omitted). Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The

Eleventh Circuit has "made clear that in order to qualify as an employer for this purpose, [a corporate] officer 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008)(quoting Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986)).

Long argues that the allegations concerning his status as an employer are insufficient. (Doc. # 55 at 2). He insists the allegations about his involvement in the day-to-day operations of Seabreeze or supervisory responsibilities are conclusory and should not be taken as true. (Id. at 4-8).

While the allegations of the Amended Complaint are not as detailed as they could be, the Court finds them sufficient to state a claim for Long's liability as an employer under the FLSA. See Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F. Supp. 2d 1373, 1381 (S.D. Fla. 2012)(denying motion to dismiss where the Plaintiff "alleged that each of the individual Defendants [were] owners and operators of Aventura Limousine and that each of them regularly exercised authority to hire and fire employees, determine employee work schedules, and control the finances and operations of the company"). As another district court explained when faced

5

with similar allegations of an individual defendant's status as an employer:

> While the allegations lack creativity and are repetitive, they do present a plausible claim — each Individual Defendant is an FLSA employer — supported by factual assertions: each of the Individual Defendants regularly performed acts of hiring and firing, setting work schedules, and controlling operations and finances of the various Corporate Defendants. The facts alleged go directly to establishing "operational control," which is necessary to bring the Individual Defendants under the FLSA definition of "employer."

<u>Baltzley v. Berkley Grp., Inc.</u>, No. 10-61194-CIV-ALTONAG, 2010 WL 3505104, at *3 (S.D. Fla. Sept. 3, 2010).

Because the Amended Complaint plausibly alleges that Long exercised operational control over Plaintiffs' work, and was involved in compensation and hiring and firing decisions, the Motion is denied to the extent it seeks dismissal of the Amended Complaint. Likewise, the Court finds that the Amended Complaint sufficiently puts Long on notice of the claims against him and their factual basis such that Long can draft a responsive pleading. Thus, the Motion is also denied to the extent it seeks a more definite statement.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Thomas Long's Motion to Dismiss the Amended Complaint, or in the Alternative, Motion for More Definite

Statement (Doc. # 55) is **DENIED**. Long's Answer to the Amended Complaint is due 14 days after the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of August, 2019.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE